**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-6503**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DESHAUN ENTREA SPRUILL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:12-cr-00075-D-4)

Submitted:  March 26, 2026                                          Decided:  June 8, 2026

Before RICHARDSON and BERNER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Deshaun Entrea Spruill, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deshaun Entrea Spruill appeals the district court's order denying relief on his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. The district court concluded that, even assuming Spruill had shown extraordinary and compelling reasons for compassionate release, the 18 U.S.C. § 3553(a) factors continued to weigh heavily against modifying his sentence. On appeal, Spruill questions whether the district court abused its discretion in denying his motion for compassionate release. We affirm.

We review the denial of compassionate release under 18 U.S.C. § 3582(c)(1)(A) for abuse of discretion. *United States v. Brown*, 78 F.4th 122, 127 (4th Cir. 2023). "In doing so, we ensure that the district court has not acted arbitrarily or irrationally, has followed the statutory requirements, and has conducted the necessary analysis for exercising its discretion." *Id.* (internal quotation marks omitted). "[A]n abuse of discretion is when the district judge is fundamentally wrong, not when [this court] disagree[s] with the district court's judgment." *United States v. Washington*, 161 F.4th 816, 820 (4th Cir. 2025) (internal quotation marks omitted).

"In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023). "Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *Id.* "Importantly, district courts enjoy broad discretion in analyzing the § 3553(a) factors when deciding a § 3582(c)(1)(A)

2

motion." *United States v. Burleigh*, 145 F.4th 541, 548 (4th Cir. 2025) (citation modified). "It is significant—and weighs against finding an abuse of discretion—when the same judge who sentenced the defendant rules on the compassionate release motion." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024) (internal quotation marks omitted).

On appeal, Spruill challenges the district court's determination that the § 3553(a) factors did not support a modified sentence. We conclude that the district court did not abuse its discretion in determining that, assuming extraordinary and compelling reasons existed, consideration of the § 3553(a) factors counseled against a reduction to Spruill's sentence because of the nature of the offense, the need to incapacitate Spruill, and the need to protect society. The court also acknowledged and appropriately considered Spruill's arguments.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3